County Line Pharmacy, as Assignee of Earline Vaughns, Respondent, 
GEICO Insurance Company, Appellant.
Law Office of Printz & Goldstein (Lawrence J. Chanice of counsel), for appellant.
Lewin & Baglio, LLP (Brendan Kearns of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered October 29, 2014. The order, insofar as appealed from, denied the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for prescription drugs provided to plaintiff's assignor on December 1, 2010 and December 30, 2010.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for prescription drugs provided to plaintiff's assignor on December 1, 2010 and December 30, 2010 are granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for prescription drugs provided to plaintiff's assignor on December 1, 2010 and December 30, 2010. The Civil Court found that an issue of fact exists as to the medical necessity of the prescription drugs at issue.
In support of its cross motion, defendant submitted an orthopedist's affirmed report of an independent medical examination which he had performed on plaintiff's assignor. The report set forth a factual basis and medical rationale for the orthopedist's determination that the assignor's injuries had resolved and that there was a lack of medical necessity for the prescription drugs at issue. Plaintiff failed to oppose defendant's cross motion. Consequently, defendant's prima facie showing of lack of medical necessity was not rebutted by plaintiff.
Accordingly, the order, insofar as appealed from, is reversed, and the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for prescription drugs provided to plaintiff's assignor on December 1, 2010 and December 30, 2010 are granted. 
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 13, 2018